UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Bruno K. Mpoy ) | |
| 10703 Lombardy Rd ) | |
| Silver Spring, MD 20901 ) | |
| ) | Case No. |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | |
| ) | |
| The District of Columbia ) | |
| John A. Wilson Building ) | |
| 1350 Pennsylvania Avenue, NW ) | |
| Washington, DC 20004 ) | |
| ) | |
| John Burst, ) | |
| 920 F St., NE ) | |
| Washington, DC 20002 ) | |
| ) | |
| Donielle Powe ) | |
| 1200 First St, NE ) | |
| Washington, DC 20002 ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**COMPLAINT FOR DECLARATORY
AND MONETARY JUDGMENT**

Plaintiff brings this action against the District of Columbia, John Burst, and Donielle Powe for retaliation against him for refusing to violate special education law, adhering to high standards for student achievement, and whistleblowing about abuse and waste of public resources and violations of special education law. Mr. Mpoy also brings this lawsuit against the Defendants for violations of his due process rights guaranteed by

1

the Fifth Amendment of the Constitution of the United States and violations of DC Code

§ 2 1402.11 and Title VII of the Civil Rights Act of 1964.

## INTRODUCTION

1. Plaintiff Bruno K Mpoy is a special education teacher with the District of Columbia Public Schools (DCPS).  He is a resident of Maryland.

2. Mr. Mpoy's personnel file is without any blemish.  Mr. Mpoy is not subject to any disciplinary action of any kind by DCPS; nevertheless, he has been suspended without pay and without any notice, disciplinary action, or opportunity to contest his suspension.

3. Mr. Mpoy's teaching performance is beyond reproach.  All his special education students improved their standardized test scores; some showed progress of more than one academic level.  They also made tremendous behavioral progress.  Mr. Mpoy's evaluation of his teaching skills was satisfactory.

4. Mr. Mpoy taught all his special education students online during the academic year 2020-2021.  His teaching was directly observed by parents daily.  A meticulous electronic record of his teaching is preserved.  (Ironically but not surprisingly, Mr. Mpoy's request to record his teaching, years prior to COVID and the virtual classroom that came along with it, was refused by DCPS.)

5. Mr. Mpoy's teaching credentials are impeccable.  He scored 196 out of 200 on the standardized reading test required for a DCPS teaching license; the score DCPS requires for this test is 156.  Mr. Mpoy scored 194 out of 200 on the standardized math test; DCPS requires a score of 150.  Mr. Mpoy's score for the writing test is 184 out of 200; DCPS requires a score of 162.  Mr. Mpoy scored 185 out of 200 on the standardized test of

Principles of Learning and Teaching; DCPS requires a score of 160.  Mr. Mpoy scored 183 out of 200 on the Core Knowledge and Applications standardized test; DCPS requires a score of 151.

6.  Mr. Mpoy holds two master's degrees: one in Special Education from The George Washington University and the other in Finance from American University.  Mr. Mpoy also holds a certificate in Public Policy and Economics from the Fund for American Studies through Georgetown University.  He earned a Bachelor of Science degree in Economic Development from West Virginia Institute of Technology.

7.  The District of Columbia Public Schools, without any legitimate reason and without adhering to any disciplinary procedures or any of the District of Columbia Municipal Regulations (DCMR) that govern DCPS personnel and disciplinary actions, suspended Mr. Mpoy's employment without pay, without providing him any procedural due process, and without notice or opportunity to contest the suspension.

8.  Mr. Mpoy received the only notice of suspension on August 27, 2021, one day after he filed a grievance with the District of Columbia Human Resources Office through the Washington Teachers' Union on August 26, 2021.

9.  The suspension without pay is a violation of D.C. Code § 1-615.51 et seq. because it is in retaliation against Mr. Mpoy for his refusal to violate special education law and for whistleblowing about the abuse and waste of public resources and violations of special education law.

## PARTIES

10. Plaintiff Bruno K. Mpoy is a resident of Maryland. He is a special education teacher with the District of Columbia Public Schools.

11. Defendant District of Columbia is a governmental entity, which includes the District of Columbia Public Schools (DCPS), John Burst as principal of one of its schools, and Donielle Powe as deputy chief for the labor and management division of the DCPS Office of Human Resources.

## JURISDICTION AND VENUE

12. This action is for violations of Plaintiff's rights under the Fifth Amendment of the Constitution of the United States and Title VII of the Civil Rights Act of 1964 as permitted by the Civil Rights Act, 42 U.S.C. § 1983, and seeks damages under that statute. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)(b)(1).

13. This action is also for violations of Plaintiff's rights under the District of Columbia Whistleblower Statute, DC Code § 2–1401.01, and § 2 1402.11. This claim arises out of the same set of operative facts underlying Plaintiff's claims under 42. U.S.C. § 1983. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a) and DC Code § 2–1403.16.

14. The Court also has subject matter jurisdiction over Plaintiff's claims under the District of Columbia Whistleblower Statute, pursuant to 28 U.S.C. § 1332, because Plaintiff is diverse in residency from all Defendants and the damages Plaintiff seeks exceed $75,000.

15. The acts causing Plaintiff's injuries all occurred within the District of Columbia.

16. This Court has personal jurisdiction over all Defendants pursuant to the United States Constitution and D.C. Code Ann. § 13-423.

17. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because all the acts giving rise to all claims occurred in the District of Columbia.

## FACTS COMMON TO ALL CLAIMS

18. During the academic year 2020-2021, Mr. Mpoy was asked repeatedly to participate in violations of special education law. He was directed to misrepresent student's academic records and to document falsely student's academic performance. Mr. Mpoy refused to participate.

19. Mr. Mpoy observed violations of special education law and disclosed them to his supervisor John Burst. These violations included but were not limited to altering student academic performance records, drafting documents that were inconsistent with the requirements outlined by special education law, deviations from federally mandated provisions of Individualized Education Program (IEP), failure to provide required accommodations to special education students, failure to adhere to the requirements that regulate IEP meetings and the drafting of IEP documents, altering IEP documents without the required presence of the multidisciplinary team, failure to provide academic information necessary for the modification of lessons as required by the IEP, failure to meet the number of hours of special education required by the IEP, and interference with the provision of special education lessons as required by the IEP.

20. Defendant District of Columbia, through Defendant Burst and Powe, retaliated against Plaintiff in violation of D.C. Code § 1-615.51 et seq. by suspending his employment without pay, without notice, and without adhering to any of the protocols established by DCPS disciplinary procedures or those prescribed by DCMR.

21. On August 26, 2021, Plaintiff filed a formal grievance with the District of Columbia Office of Human Resources. The grievance is pending.

## CLAIM 1
### Violation of the Fifth Amendment of the Constitution of The United States

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

23. The Fifth Amendment of the Constitution of the United States reads in part that, [..] No person [shall] be deprived of [] property without due process of law..."

24. Defendant District of Columbia government, by and through Defendants Burst and Powe, deprived Plaintiff of his property without due process of law by failing to provide Mr. Mpoy with any notice of suspension without pay and failing to adhere to any established disciplinary procedures.

25. As a direct result of Defendants' violation of the Fifth Amendment, Plaintiff suffered damages in the amount exceeding $75,000.

26. Defendants are jointly and severally liable for violating Plaintiff's Fifth Amendment rights by suspending his employment without pay, without notice, and without adhering to any DCPS disciplinary procedure or DCMR, thereby depriving Plaintiff of his property without due process of law.

## CLAIM 2
### Violation of The District of Columbia
### Whistleblower Protection Act (WPA)

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff documented repeated refusals to violate special education law. He also made multiple written disclosures of violations of special education law and abuse and waste of public resources. Defendants retaliated against Plaintiff by suspending his employment without pay and without due process, in violation of D.C. Code § 1-615.51 et seq.

29. As a direct result of Defendants' retaliation, Plaintiff suffered damages in the amount exceeding $75,000.

30. The Defendants are jointly and severally liable for violations of WPA.

## CLAIM 3
### Violation of
### DC Code § 2–1401.01 and § 2 1402.11

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32. On August 27, 2022, the District of Columbia issued to Plaintiff a letter of suspension without pay and without any disciplinary action or opportunity to contest the suspension. This letter, inter alia, offers irrefutable evidence that DCPS discriminated against Plaintiff based on his status as a victim of intrafamily offense. This letter also provides clear and convincing evidence establishing that DCPS treated Plaintiff disparately from his peers based on his national origin.

33. Defendants' intentional discrimination violates DC Code § 2–1401.01 and § 2–1402.11.  As a result of Defendants' unlawful conduct, Plaintiff sustained and will in the future sustain noneconomic and economic and financial damages in the amount exceeding $75,000.

34. Defendants are jointly and severally liable for intentional discrimination in violation of DC CODE § 2–1401.01 and § 2–1402.11.

## CLAIM 4
### Violation of
### Title VII of the Civil Rights Act of 1964

35.  Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. The Court held in *International Brotherhood of Teamsters v. U.S., 431 U.S. 324, 14 EPD ¶ 7579 (1977)* that disparate treatment infers a discriminatory intent.  The letter of August 27, 2022, from the District of Columbia to Plaintiff, clearly establishes that Plaintiff was treated disparately from his peers based on national origin.

37. Defendants' intentional discrimination violates Title VII of the Civil Rights Act of 1964.  As a result of Defendants' unlawful conduct, Plaintiff sustained and will in the future sustain noneconomic and economic and financial damages in the amount exceeding $75,000.

38. Defendants are jointly and severally liable for intentional discrimination in violation of Title VII of the Civil Rights Act of 1964.

## CLAIM 5
### Intentional Causation of Mental Anguish and Physical Pain and Suffering

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40. Defendants intentionally and wrongfully retaliated against Plaintiff, knowing that the retaliation would cause severe mental anguish and physical pain and suffering. Defendant knew that suspension without pay and without notice or due process would demoralize Plaintiff.

41. As a direct result of Defendants' actions, Plaintiff suffered damages in the amount exceeding $75,000.  Plaintiff also suffered severe moral deprivation that eroded his desire to continue with his chosen profession of teaching special education.

42. Defendants are jointly and severally liable for causing plaintiff severe pain, mental anguish, and physical pain.  Defendants are jointly and severally liable for causing plaintiff severe moral deprivation and the loss of the desire to continue teaching.  As a result of their actions, Plaintiff suffered damages exceeding $75,000.

## CLAIM 6
### Intentional and Willful Negligence

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as if fully set forth herein.

44. Defendants owed a duty of care and prudence to Plaintiff not to violate his rights intentionally and to treat him fairly in accordance with the law, public policy, and common decency.

45. Defendants intentionally and negligently trampled upon Plaintiff's rights and caused him severe physical pain and financial and economic damages exceeding $75,000.

46. As a direct result of Defendants' actions, Plaintiff suffered damages in the amount exceeding $75,000.

47. Defendants are jointly and severally liable for intentional and willful negligence that resulted in damages to Plaintiff in excess of $75,000.

## PRAYER FOR RELIEF

48. WHEREFORE, Plaintiff prays the Court to grant relief based on the following claims:

   A. Defendants' violation of the Fifth Amendment of the Constitution of the United States by depriving Plaintiff of his property without due process of law, resulting in damages in excess of $75,000.

   B. Defendants' violation of D.C. Code § 1-615.51 et seq. by retaliating against Plaintiff for whistleblowing, resulting in damages in excess of $75,000.

   C. Defendants' intentional causation of mental anguish and physical pain and suffering, resulting in damages to Plaintiff in excess of $75,000.

   D. Defendants' intentional and willful negligence and disregard of Plaintiff's rights, causing Plaintiff mental anguish and physical pain and suffering and the loss of his desire to continue teaching, resulting in damages in excess of $75,000.

   E. Defendants' intentional violation of DC code § 2–1401.01 and § 2 1402.11, resulting in damages in excess of $75,000.

F.  Defendants' intentional violation of Title VII of the Civil Rights Act of 1964, resulting in damages in excess of $75,000.

G. And WHEREFORE, Plaintiff prays the Court to issue the following declaratory and monetary judgments:

A. Declaratory judgment stating that Defendants violated Plaintiff's due process rights guaranteed by the Fifth Amendment of the Constitution of the United States.

B. Declaratory judgment stating that Defendants violated the District of Columbia Whistleblower Protection Act (D.C. Code § 1-615.51 et seq.)

C. Declaratory judgment stating that Defendants intentionally caused Plaintiff mental anguish and physical pain.

D.  Declaratory judgment stating that Defendants caused Plaintiff severe moral deprivation that led to the loss of his desire to continue teaching.

E. Declaratory judgment stating that Defendants violated DC code § 2–1401.01 and § 2 1402.11.

F. Declaratory judgment stating that Defendants violated Title VII of the Civil Rights Act of 1964.

G. Declaratory judgment condemning the defendants and prohibiting them from engaging in such acts in the future.

H. Order Defendants to compensate Plaintiff, jointly and severally, for the economic and financial damages he sustained.

I. Order Defendants to compensate Plaintiff, jointly and severally, for physical injuries resulting from pain and suffering.

J. Order Defendants to provide Plaintiff all the remedies prescribed by DCWPA.

K. Order Defendants to compensate Plaintiff for damages sustained as result of Defendants' violations of DC code § 2–1401.01 and § 2 1402.11.

L. Order Defendants to compensate Plaintiff for damages sustained as result of Defendants' violations of Title VII of the Civil Rights Act of 1964.

M. Order Defendants to compensate Plaintiff for causing him severe moral deprivation and the loss of his desire to continue to teach.

N. Order Defendants Burst and Powe to pay punitive damages.

O. Order Defendants to pay Plaintiff's attorney's fees and costs.

P. Order any other relief the Court deems just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Respectfully submitted,

Bruno K. Mpoy, Pro se
10703 Lombardy Rd
Silver Spring, MD  20901
240-476-1731
mpoy@rocketmail.com