## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRUNO K. MPOY                                )
                                             )
           Plaintiff,                        )
                                             )        Civil Action No: 22-02501 (BAH)
           v.                                )        Chief Judge Beryl A. Howell
                                             )
THE DISTRICT OF COLUMBIA, et al.  )
                                             )
           Defendants.                       )
_____  )

### PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

*one nation under God, indivisible, **with justice for all***

"The only thing necessary for the triumph of evil is for good men to do nothing."
Edmund Burke

This Honorable Court of Law has before it sufficient alleged facts and the law that supports Plaintiff's claims upon which relief should be granted.

It is uncontested that Plaintiff is a teacher in good standing with the District of Columbia Public Schools (DCPS), Compl. ¶¶ 1, 2, 3, 4, 5, 6; and that despite his good-standing status, his employment has been suspended, without pay and without any due process of any kind whatsoever and without any cause other than retaliation. *Id.* ¶¶ 7, 9, 20.

The suspension is in retaliation for Plaintiff's refusal to comply with illegal orders to violate special education law [The Individuals with Disabilities Act (IDEA)] and for disclosing violations of IDEA to his supervisor John Burst. *Id.* ¶

9.

In our country, the standard of review for a motion to dismiss pursuant to Rule 12(b)(6) has long been established by our nation's highest Court in *BellAtlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The core guiding principles of the standard established in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* are: 1) The Court must accept as true all facts alleged in a complaint.  And 2) A complaint that states a plausible claim for relief cannot be dismissed.

Additionally, our nation's highest Court held in *Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)* that, [T]he ordinary rules for assessing the sufficiency of a complaint apply to the notice sufficiency established by Rule 8 of the Rules of Federal Civil Procedure.  Quoting *Scheuer v. Rhodes, 416 U.S. 232 (1974),* our nation's highest Court held that, *"'When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support  the claims* [Emphasis added]."

Therefore, Plaintiff is entitled to offer evidence to prove that, "Plaintiff Bruno K Mpoy is a special education teacher with the District of Columbia Public Schools (DCPS," Compl. ¶ 1.; that, "Mr. Mpoy's personnel file is without any

blemish;" that, "Mr. Mpoy is not subject to any disciplinary action of any kind by DCPS;" that, "nevertheless, he has been suspended without pay and without any notice, disciplinary action, or opportunity to contest his suspension," *Id.* ¶ 2; that, "Mr. Mpoy's teaching performance is beyond reproach;" that, "***All his special education students improved their standardized test scores***; ***some showed progress of more than one academic level*** and that ***they also made tremendous behavioral progress,***" *Id.* ¶ 3; that, "Mr. Mpoy's evaluation of his teaching skills was satisfactory, *Id.* ¶ 3; that, "Mr. Mpoy taught all his special education students online during the academic year 2020-2021, *Id.* ¶ 4; that, "His teaching was directly observed by parents daily, *Id.* ¶ 4; that his teaching qualifications are exceptional, *Id.* ¶¶ 5, 6; that, "He was directed to misrepresent student's academic records and to document falsely student's academic performance," and that, "[He] refused to participate," *Id.* ¶ 18; that, "[He] observed violations of special education law and disclosed them to his supervisor John Burst," and that, "These violations included but were not limited to altering student academic performance records, etc.," *Id.* ¶ 19; that, "[The District suspended] his employment without pay, without notice, and without adhering to any of the protocols established by DCPS disciplinary procedures or those prescribed by DCMR [District of Columbia Municipal Regulations], *Id.* ¶ 20; that the suspension of his employment is in retaliation for whistleblowing, *Id.* ¶9; that, "On August 26, 2021, Plaintiff filed a formal grievance with the District of Columbia Office of Human Resources, *Id.* ¶

20; that, "The grievance is pending," *Id.* ¶ 20; that, "On August 27, 2021, the District of Columbia issued to Plaintiff a letter of suspension without pay and without any disciplinary action or opportunity to contest the suspension, *Id.* ¶ 32; that, "This letter, inter alia, offers irrefutable evidence that DCPS discriminated against Plaintiff based on his status as a victim of intrafamily offense," *Id.* ¶ 32; that, "This letter also provides clear and convincing evidence establishing that DCPS treated Plaintiff disparately from his peers based on his national origin." *.Id.* ¶ 32.

This Honorable Court of Law must accept as true, *inter alia,* Plaintiff's alleged facts that he was ordered to falsify special education students' academic performance and records, Compl. ¶ 18; that he refused to falsify students' academic performance or records, *Id.* ¶ 18; and that he sent a series of emails to his supervisor John Burst, listing and disclosing specific instances of violations of special education law (IDEA), *Id.* ¶ 18; that Powe sent him a letter, the content of which shows that the District used Plaintiff's status as a victim of an intrafamily offense against him and suspended his employment indefinitely without pay and without due process, *Id.* ¶¶ 8, 32; and that he was not provided with any prior notice, hearing, or opportunity to test the validity of any merits, if any, of the indefinite suspension of his employment without pay and without any due process of any kind. *Id.* ¶¶ 7, 20.

Plaintiff's alleged facts, which the Court must accept as true until evidence

will prove them to be true at the summary judgment stage and/or trial, establish above a speculative level Plaintiff's plausible claim that John Burst, Donielle Powe, and the District of Columbia retaliated against Plaintiff in violation of DC Code § 1-615.51 et seq. and that Plaintiff is entitled to relief in accordance with DC Code § 1-615.54.

Because Plaintiff claims that his rights protected by DC Code § 1-615.51 et seq. were violated and that relief upon this claim should be granted in accordance with DC Code § 1-615.54, this Honorable Court of Law cannot dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

Plaintiff also alleges that Donielle Powe sent him an email on August 27, 2021. Plaintiff alleges that the content of this email shows that Powe and the District used Plaintiff's status as a victim of intrafamily offense against him and relied upon it as an additional basis for suspending his employment without pay and without any due process of any kind whatsoever.

This Honorable Court of Law must accept as true Plaintiff's alleged fact that the District used Plaintiff's status as a victim of intrafamily offense against him and relied upon it to suspend Plaintiff's employment without pay and without any due process of any kind. This alleged fact gives rise to Plaintiff's plausible claim that the District violated his rights protected by DC Code § 2 1402.01 et seq. and that relief should be granted upon this claim pursuant to DC Code § 2-1403.16.

Therefore, this Honorable Court of law cannot dismiss Plaintiff's Complaint

pursuant to Rule 12(b)(6) because Plaintiff alleged a specific fact that must be accepted as true until Powe's email of August 27, 2021 is introduced to establish proof, and because Plaintiff stated a plausible claim for relief pursuant to DC Code § 2-1403.16 based on violation of his rights protected by DC Code § 2 1402.01 et seq.

Plaintiff alleged specifically in his Complaint that the District of Columbia did not provide him with prior notice; did not hold a hearing; and did not provide Plaintiff with any opportunity to test the merits, if any, for the suspension of his employment without pay and without any due process.  This Honorable Court of Law must accept these alleged facts as true until plaintiff provides proof at the summary judgment stage and/or at trial.  Plaintiff's alleged facts that the District did not give him prior notice before suspending his employment or hold a hearing, etc. deprived him of his property interest without due process and constitute a plausible claim that the District violated his due process rights guaranteed by the Fifth Amendment.

Accordingly, this Honorable Court of Law cannot dismiss the Complaint pursuant to Rule 12(b)(6) because Plaintiff has alleged specific facts that show above a speculative level that the District deprived him of Due Process, thereby giving rise to a specific claim of violation of his Fifth Amendment right upon which this Honorable Court of Law should grant relief.

"[A] plaintiff need not make 'detailed factual allegations,'" but the "complaint

*must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Rule 12(b)(6) Opinion issued by Chief Judge Beryl A. Howell on October 31, 2022, Civil Action No. 21-3354 (BAH).*

<u>**Plaintiff's List of Detailed Alleged Facts that Constitute "Sufficient Factual Matter" Contained in his Complaint**</u>

Plaintiff  alleged in his Complaint the following specific facts beyond a speculative level: He is a teacher in good standing with the District of Columbia Public Schools. Compl. ¶¶ 1, 2, 3, 4, 5, 6.  His qualifications as a teacher are beyond reproach.  *Id.* ¶¶ 3, 5, 6.  He carried out his teaching duties successfully and without any reprimand.  *Id.* ¶¶ 2, 4.  His performance evaluation was satisfactory.  Compl. ¶3.  He was not issued any warning or rebuke of any kind. *Id.* ¶¶ 2, 7.  He was not subjected to any disciplinary action of any kind. *Id.* ¶ 2, 7. He was ordered to falsify students' academic records.  *Id.* ¶ 18.  He was ordered to falsify students' academic performance.  *Id.* ¶ 18.  He refused to comply with the orders to falsify students' academic records and academic performance.  *Id.* . ¶ 9, 18.  He observed other teachers and staff members alter student academic records. *Id.* ¶ 19.  He observed teachers draft Individualized Education Program (IEP) documents that were inconsistent with the provisions of IDEA.  *Id.* ¶ 19.  He observed other teachers' deliberate indifference with which they failed to provide students with accommodations mandated by IDEA. *Id.* ¶ 19.  He observed other teachers' and staff members' deviations from the provisions of IDEA that regulate

procedures that must be followed when drafting IEP documents and holding IEP meetings. *Id.* ¶ 19. He observed other teachers alter IEP documents without the required input and presence of the multidisciplinary team. *Id.* ¶ 19. He observed other teachers' failure to provide academic information for the modification of lessons for special education students, as required by the provisions of IDEA. *Id.* ¶ 19. He observed other teachers' failure to meet the number of hours of special education required by the IEP. *Id.* ¶ 19. He observed other teachers interfere with the provision of special education lessons as required by the IEP, thereby violating provisions of IDEA. *Id.* 19. He disclosed the violations of IDEA to his supervisor John Burst. *Id.* ¶ 19. Burst and Powe made the decision to suspend Plaintiff's employment indefinitely without pay and without due process. *Id.* ¶ 20. Donielle Powe sent Plaintiff an email on August 27, 2021, one day after Plaintiff filed a formal grievance with the District of Columbian Office of Human Resources. *Id.* ¶ 8. The content of this email shows that the District used Plaintiff's status as a victim of intrafamily offense against him. *Id.* ¶ 32. The content of this email shows that the District relied upon Plaintiff's status as a victim of intrafamily offense to suspend his employment indefinitely, without pay and without any due process of any kind. *Id.* ¶ 32. Plaintiff filed a formal grievance with the District of Columbia Office of Human Resources on August 26, 2021, requesting due process. *Id.* ¶ 21. The grievance is still pending and the District did not provide Plaintiff with any due process of any kind. *Id.* ¶ 7, 20, 21.

8

The District suspended Plaintiff's employment, without pay and without due process.  *Id.*  ¶¶ 7, 20.  The suspension is in violation of DC Code § 1-615.51 et seq. *Id.* ¶¶ 9, 20.  Plaintiff filed a formal grievance with the District of Columbia Human Resources. *Id.* ¶ 21.  The grievance is pending.  *Id.* ¶ 21.  The District did not hold an administrative hearing to test the merits of the cause (if any) for the suspension.  *Id.* ¶ 7.  The District did not afford Plaintiff any opportunity to contest the suspension. *Id.* ¶ 20.  The District did not respond and has not responded to Plaintiff's request for due process through an administrative grievance he filed.  *Id.* ¶ 21.

    Because the foregoing detailed alleged facts exceed the minimum threshold that, "[a] plaintiff need not make 'detailed factual allegations,'" but the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Supra; and because Plaintiff's claims are supported by the **District of Columbia Whistleblower Act**, the **District of Columbian Human Rights Act**, and the **Due Process Clause of the Fifth Amendment**; and because the relief that should be granted is guaranteed by DC Code § 1–615.54, DC Code § 2–1403.16, and Due Process Clause caselaw, Plaintiff's Complaint cannot be dismissed pursuant to Rule 12(b)(6).

### <u>The Law that Supports Plaintiff's Claims Upon which<br>Relief Should be Granted</u>

DC Code § 1–615.51 provides in relevant part as follows: "The Council

finds and declares that the public interest is served when employees of the District government are free to report waste, fraud, abuse of authority, violations of law … without fear of retaliation or reprisal. Accordingly, the Council declares as its policy to: "(1) Enhance the rights of District employees to challenge the actions or failures of their agencies and to express their views without fear of retaliation through appropriate channels within the agency…[Emphasis added];

"(2) Ensure that acts of the Council enacted to protect individual citizens are properly enforced;

"(3) Provide new rights and remedies to guarantee and ensure that public offices are truly public trusts; [Emphasis added]

"(4) Hold public employees personally accountable for failure to enforce the laws and for negligence in the performance of their public duties [Emphasis added];

"(5) **Ensure that rights of employees to expose corruption, dishonesty, incompetence, or administrative failure are protected**; [Emphasis added]

"(7) **Protect employees from reprisal or retaliation for the performance of their duties** [Emphasis added]; and

"(8) Motivate employees to do their duties justly and efficiently."

DC Code § 1–615.52(a)(4) states that, "Illegal order" means a directive to violate or to assist in violating a federal, state or local law, rule, or regulation."

Plaintiff was ordered to falsify special education students' academic

performance and records.  Special education students' academic performance and records are regulated by the IDEA as necessary components of the data used to draft an IEP and monitor a student's progress vis-à-vis his/her/their IEP goals. This data is vital to the determination for the continuance of special education or adjustment thereof to accomplish the ultimate objective of providing competent and befitting special education services and pedagogy to help a student access the general education curriculum and eventually phase out of the special education program.  The falsification of these records violates the provisions of the IDEA. Therefore, an order to falsify these records is an illegal order.

DC Code § 1–615.53(a) provides that, "A supervisor shall not take, or threaten to take, a prohibited personnel action or otherwise retaliate against an employee's refusal to comply with an illegal order."

Because John Burst is Plaintiff's immediate supervisor, the indefinite suspension of Plaintiff could not have happened without his input and consent. The exact nature of Burst's consent and participation in the decision to suspend Plaintiff's employment indefinitely can be ascertained only through discovery.

DC Code § 1–615.54 (a)(1) (A) provides that, "An employee aggrieved by a violation of § 1-615.53 may bring a civil action against the District, and, in his or her personal capacity, [a] supervisor ... having personal involvement in the prohibited personnel action ... seeking relief and damages, including: (A) An injunction..."

DC Code § 1–615.54 (a)(1) (A) clearly supports Plaintiff's stated claim upon which this Honorable Court of Law should grant the relief prescribed therein. Accordingly, Plaintiff's Complaint cannot be dismissed pursuant to Rule 12(b)(6).

DC Code § 1–615.54 (b) provides that, "In a civil action or administrative proceeding, once it has been demonstrated by a preponderance of the evidence that an activity proscribed by § 1-615.53 was a contributing factor in the alleged prohibited personnel action against an employee, the burden of proof shall be on the defendant to prove by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by this section."

The District fails to proffer any legitimate reason, much less cause, for suspending Plaintiff's employment indefinitely without pay and without any due process. Instead, the District offers naked statements unsupported by any evidence to allege that Plaintiff's protected disclosure statements are merely "**work-place grievances**." Mt to Dismiss P. 15. Therefore, this Honorable Court of Law cannot dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

DC Code § 2–1401.01 provides that, "It is the intent of the Council of the District of Columbia, in enacting this unit, to secure an end in the District of Columbia to discrimination for any reason other than that of individual merit, including, but not limited to, discrimination by reason of race, color, religion, national origin, sex, age, marital status ... status as a victim of an intrafamily

offense..."

DC Code § 2–1403.16 (a) provides that, "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate..."

DC Code § 2–1403.16 (b) provides that, "The court may grant any relief it deems appropriate, including, the relief provided in §§ 2-1403.07 and 2-1403.13(a)."

Plaintiff alleged above a speculative level that the content of Powe's email of August 27, 2021; Compl. ¶¶ 8, 32 shows beyond any reasonable doubt that the District used Plaintiff's status as a victim of intrafamily offense against him and relied upon it to suspend Plaintiff's employment indefinitely without pay and without any due process. This Honorable Court of Law must accept this allegation as true until Plaintiff can provide proof at the summary judgment stage and/or trial, and should provide relief in accordance with DC Code § 2–1403.16 (b). Therefore, Plaintiff's Complaint cannot be dismissed pursuant to Rule 12(b)(6).

Plaintiff alleged that the District did not give him any prior notice before suspending his employment indefinitely without pay and without any due process; that the District did not hold an administrative hearing to test the merits of the cause (if any) for the suspension; that the District did not afford Plaintiff any opportunity to contest the suspension; and that the District did not respond to

Plaintiff's request for due process through an administrative grievance he filed.
These alleged facts are above a speculative level  and are  "sufficient factual
matter" that this Honorable Court of Law must accept as true.

  Our nation's highest court held in *Logan v. Zimmerman Brush Co., 455 U.S.
422 (1982)* that, "The Court traditionally has held that the Due Process Clauses
protect civil litigants who seek recourse in the courts, **either as defendants
hoping to protect their property or as plaintiffs attempting to redress
grievances**. In Societe Internationale v. Rogers, 357 U.S. 197 (1958), for
example  -- where a plaintiff's claim had been dismissed for failure to comply with
a trial court's order -- the Court read the 'property' component of the Fifth
Amendment's Due Process Clause to impose 'constitutional limitations upon the
power of courts, even in aid of their own valid processes, to dismiss an action
without affording a party the opportunity for a hearing on the merits of his cause.'"

  A Constitutional limitation applicable to courts is certainly applicable to the
District.  Even so, the District of Columbia Court of Appeals, citing *Logan v.
Zimmerman Brush Co., 455 U.S. 422 (1982)* held that, '**The Supreme Court has
held that "a cause of action is a species of property protected by the . . . Due
Process Clause**...'  In Logan, a probationary employee was discharged by his
employer, purportedly because his short left leg made it impossible for him to
perform his job.  Five days later, the employee filed a charge with the Illinois Fair
Employment Practices Commission under the Illinois Fair Employment Practices

Act alleging that his employment had been unlawfully terminated because of his physical handicap. The employee's filing triggered the Commission's statutory obligation to convene a factfinding conference to obtain evidence within 120 days."

Courts have systematically and many times over held that the District of Columbia cannot terminate a person's property interest without due process of law. In *McNeal v. Police & Firefighters' Retirement & Relief Bd. 488 A.2d 931 (D.C. 1985)*, the Court of Appeals, citing many cases, held that, "Petitioner contends correctly that he has a property interest, protected by the **due process clause of the Fifth Amendment** in his disability annuity." The Court of Appeals cited the following long-standing caselaw to substantiate its valid holding: *Board of Regents v. Roth, 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972); Dodge v. Board of Education, 302 U.S. 74, 82 L. Ed. 57, 58 S. Ct. 98 (1937); American Postal Worker's Union v. United States Postal Service, 227 U.S. App. D.C. 351, 707 F.2d 548, cert. denied, 465 U.S. 1100, 104 S. Ct. 1594, 80 L. Ed. 2d 126 (1984)*.

In *District of Columbia v. Mayhew* 601 A.2d 37 (D.C. 1991), the Court of Appeals held that, "Because a trustee under a deed of trust in the District holds the same statutory property interest as a mortgagee, one that carries with it important fiduciary duties, we hold that a trustee is entitled to **due process protection under the Fifth Amendmen**t."

In *Sherman v. Commission on Licensure to Practice Healing Art, 407 A.2d 595, 597 (D.C. 1979)*, the Court of Appeals held that, "In short, we hold that the preponderance of the evidence test adequately protected Dr. Sherman's **Fifth Amendment property interest** in his license."

The District's indefinite suspension of Plaintiff's employment without pay and without due process is effectively a revocation of Plaintiff's District of Columbia Teaching License.

In *District of Columbia v. Beretta U.S.A. Corp,* quoting Bd. of Regents v. Roth, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972), the Court held that, "'To have a property interest in a benefit, a person clearly must have more than an abstract need . . . desire . . . [or] unilateral expectation of it. . . . [h]e must, instead, have a legitimate claim of entitlement to it.'" Supra.

Plaintiff's right to due process is guaranteed by the District of Columbia Municipal Regulations (DCMR) § 1610.1 et seq. Plaintiff's claim of violation of the due process clause of the Fifth Amendment is plausible because it is supported by alleged facts that must be taken as true and by well-established caselaw. Accordingly, Plaintiff's Complaint cannot be dismissed pursuant to Rule 12(b)(6).

## **Legal Reasons for Denying the Motion to Dismiss**

"To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[a] plaintiff need not make 'detailed factual allegations,'" but the "complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" VoteVets Action Fund v.

McDonough, 992 F.3d 1097, 1104 (D.C. Cir. 2021) (quoting Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009)). A facially plausible claim pleads facts that are not

"'merely consistent with' a defendant's liability" but that "allow[] the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

544, 556 (2007)); see also Rudder v. Williams, 666 F.3d 790, 794 (D.C. Cir.

2012). Consequently, "a complaint survives a motion to dismiss even 'if there are

two alternative explanations, one advanced by [the] defendant and the other

advanced by the plaintiff, both of which are plausible.'" VoteVets Action Fund,

992 F.3d at 1104 (quoting Banneker Ventures, LLC v. Graham, 798 F.3d 1119,

1129 (D.C. Cir. 2015)"  *Opinion issued by Chief Judge Beryl A. Howell on*

*October 31, 2022, Civil Action No. 21-3354 (BAH).*

Although Plaintiff is not required to allege detailed facts in his Complaint,

he nevertheless did so as demonstrated earlier in this memorandum.

Here, this Honorable Court of Law does not have to draw any "inference

that [the defendants are] liable for the misconduct alleged" because Plaintiff

explicitly laid out the alleged facts and the law that supports them as a basis for his

claims upon which relief should be granted.  Accordingly, Plaintiff's Complaint

cannot be dismissed pursuant to Rule 12(b)(6).

"[A] complaint survives a motion to dismiss even 'if there are two

alternative explanations, one advanced by [the] defendant and the other advanced by the plaintiff, both of which are plausible.'"  Here, the Motion to Dismiss advances only one explanation, which is that Plaintiff's protected disclosures are nothing more than "**work-place grievances**."  This explanation is not only insufficient for dismissal pursuant to Rule 12(b)(6), it creates a critical material fact in dispute that only a jury can resolve.   Therefore, Plaintiff's Complaint cannot be dismissed pursuant to Rule 12(b)(6).

Although this Honorable Court of Law must accept Plaintiff's alleged facts as true, the defendants' notable failure to proffer any reason, never mind any legitimate cause, for the indefinite suspension of Plaintiff's employment without pay and without any due process speaks volumes and is sufficient to defeat the defendants' motion to dismiss.

### The US Supreme Court held that Pro Se Litigants are not to be Held to the Same Pleading Standards as Attorneys

Our nation's highest court held in *Haines v. Kerner, 404 U.S. 520 (1971)* and *Boag v. MacDougall, 454 U.S. 364 (1982)* that pro se litigants do not even have to submit a typewritten complaint and that they do not have to use precise language or allege facts and claims in the same manner that attorneys are expected. Plaintiff is not an attorney and has never set foot in law school or undertaken any official legal education or training of any kind.  Nevertheless, he has alleged detailed facts that this Honorable Court must accept as true.  He has also stated

claims upon which relief should be granted, and the law that supports his claims in a clear and straightforward manner that demonstrates not only his impeccable qualifications as a teacher, but also the merits of his Complaint.   Therefore, Plaintiff's Complaint cannot be dismissed pursuant to Rule 12(b)(6).

### Prologue to Plaintiff's Response to the Defendants' Meritless Arguments

The defendants' arguments and the caselaw they rely upon are not worthy of any response because they are devoid of any merit.  To the extent this Honorable Court of Law may require a response from Plaintiff, lest the lack thereof be interpreted as acquiescence to Defendants' meritless arguments, Plaintiff addresses the defendants' meritless arguments, *seriatim*, as postscript, after his conclusion below.

### CONCLUSION

The standard of review for a motion to dismiss pursuant to Rule 12(b)(6) having been long established by our nation's highest Court in *BellAtlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, holding that this Honorable Court of Law must accept as true all facts alleged in Plaintiff's Complaint and that his Complaint cannot be dismissed because he states plausible claims upon which  relief should be granted; and holding in *Swierkiewicz v. Sorema* that,*"*[w]hen a  federal court reviews the sufficiency of a complaint, *before the reception of any evidence either by affidavit or admissions*, its task is necessarily a limited one; [t]*he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to*

***offer evidence to support the claims;"*** and Plaintiff having alleged detailed facts that give rise to his claims that his rights guaranteed by the District of Columbia Whistleblower Act, the District of Columbia Human Rights Act, and the Due Process Clause of the Fifth Amendment of the Constitution of the United States were violated; and Plaintiff having set forth the law that supports his claims and the relief that should be granted; Plaintiff therefore prays this Honorable Court of Law to deny the defendants' Motion to Dismiss.

### RESPONSE TO DEFENDANTS' MERITLESS ARGUMENTS

First, hoping that this Honorable Court of Law would take the dishonorable measure of adopting the defendants' version of misleading "facts," the defendants picked and chose Plaintiff's alleged facts, reworded and rearranged them misleadingly, leaving out the bulk of Plaintiff's damning and irrefutable alleged facts.   Further, the defendants commingled the reworded alleged facts with Plaintiff's claims and irrelevant and impertinent matters outside Plaintiff's Complaint (*E.g.* "On September 10, 2021, Mpoy sent a letter to the Office of Risk Management. See Lana Craven Decl., Ex. 1, attaching Mpoy Letter, as Ex. A. In that letter, Mpoy asserts his intent to sue the District for violating his constitutional rights. See Ex. A.") and brazenly presented them to this Honorable Court of Law under the heading "FACTS."   The defendants should have labeled their heading "ALTERNATIVE FACTS!"

Second, nothing prevented the defendants from quoting verbatim Plaintiff's

alleged facts, instead of presenting falsehoods under the heading "FACTS." Copying and pasting Plaintiff's alleged facts would have been more judicious and would have economized the defendant's time and judicial resources.

Third, the defendants' rewording of Plaintiff's alleged facts amounts to lying and misrepresentation because of the following rewordings that render the statements false (Mt to Dismiss, pp 1, 2):  "Mpoy alleges that on August 26, 2021, he filed a grievance through the Washington Teachers' Union with the District of Columbia Human Resources Office outlining the above circumstances. Id. ¶ 8. He alleges that on August 27,2021, the District issued him a letter of suspension without: 1) any legitimate reason, and 2) adhering to the disciplinary procedures that govern DCPS personnel and disciplinary actions. And that DCPS did not provide proper notice or an opportunity to contest the suspension. Id. ¶ 7. Mpoy claims that the suspension letter offers conclusive evidence that DCPS discriminated against him and treated him different from his peers. Id. ¶ 32. "

¶ 7 of Plaintiff's Complaint states verbatim as follows:  "The District of Columbia Public Schools, *without any legitimate reason and without adhering to any disciplinary procedures or any of the District of Columbia Municipal Regulations (DCMR) that govern DCPS personnel and disciplinary actions, suspended Mr. Mpoy's employment without pay, without providing him any procedural due process, and without notice or opportunity to contest the suspension*."

¶ 8 of Plaintiff's Complaint states verbatim as follows:  "Mr. Mpoy received the only notice of suspension on August 27, 2021, one day after he filed a grievance with the District of Columbia Human Resources Office through the Washington Teachers' Union on August 26, 2021."

¶ 32 of Plaintiff's Complaint states verbatim as follows: "On August 27, 2021, the District of Columbia issued to Plaintiff a letter of suspension without pay and without any disciplinary action or opportunity to contest the suspension. This letter, inter alia, offers irrefutable evidence that DCPS discriminated against Plaintiff based on his status as a victim of intrafamily offense. This letter also provides clear and convincing evidence establishing that DCPS treated Plaintiff disparately from his peers based on his national origin."

Fourth, the defendants set forth their version of the standard of review for dismissal pursuant to Rule12(b)(6) (*Bell Atlantic Corp. v. Twombly*)  and for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7(h) of the Local Rules of Civil Procedure (*Anderson v. Liberty Lobby, Inc.*); then, they proceed with their meritless arguments without distinguishing which of their arguments support dismissal pursuant to Rule12(b)(6) and which of their arguments support dismissal pursuant to Rule 56 and Rule 7(h).

Specifically, the Defendants then abandon their standards of review and turn to *Atherton v. D.C. Office of Mayor* and *Monell v. New York City Dep't of Soc. Servs.* to argue by rewording Plaintiff's alleged facts that, "According to Mpoy, the

District violated his rights, "by and through Defendants Burst and Powe," when he was notified of his suspension on the August 27, 2021 without adhering to established disciplinary procedures, and that he was retaliated against because he would not participate in violations of special education law as requested. Id. ¶¶ 7-8, 24, 26. Mt to Dismiss pp 4-5.  Plaintiff's ¶¶ 7-8 have been reproduced verbatim above.  ¶¶ 24 and 26, reproduced verbatim below, are *claims* not facts.

The defendants' reference to ¶¶ 24 and 26 to contend that, "As explained in Monell, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983." See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)" is a misrepresentation of the facts and the law because Plaintiff states nowhere in the Complaint that the District is sued pursuant to § 1983 and because the District's violation of Plaintiff's Fifth Amendment Due Process right is **not** an injury inflicted "solely by its employees or agents."

The District did, independently of Burst and Powe, violate Plaintiff Due Process right when it suspended his employment indefinitely without pay, without prior notice, and without providing Plaintiff with an opportunity to contest the cause, if any, of the suspension.  To drive home the proof of the defendant's misrepresentation of the facts and the law, Plaintiff reproduces ¶¶ 24 and 26 below:

¶ 24 of Plaintiff's Complaint is reproduced verbatim as follows: "Defendant District of Columbia government, by and through Defendants Burst and Powe, deprived Plaintiff of his property without due process of law by failing to provide Mr. Mpoy with any notice of suspension without pay and failing to adhere to any established disciplinary procedures."

The term "by and through" Defendants Burst and Powe used by attorneys when representing clients, for example, does not mean that Burst and Powe deprived Plaintiff of his property interest without due process of law, in the same way that attorneys are not held responsible for their clients' conduct. Thus, the defendants' argument that Plaintiff holds the District responsible for the conduct of their employees is disingenuous and a misrepresentation of the facts and the law. Stated differently and a simpler manner, the defendants lied.

¶ 26 of Plaintiff's Complaint is reproduced verbatim as follows: "Defendants are jointly and severally liable for violating Plaintiff's Fifth Amendment rights by suspending his employment without pay, without notice, and without adhering to any DCPS disciplinary procedure or DCMR, thereby depriving Plaintiff of his property without due process of law."

The term jointly and severally means together and individually; therefore the District is liable individually. More importantly, however, is that the phrase "Defendants are jointly and severally liable for violating Plaintiff's Fifth Amendment rights" is a **claim** not an alleged fact. Thus, the defendants

mispresented the facts and the law.  Stated differently and in a simpler manner, the

defendants lied.

Fifth, the defendants' reliance on *Kentucky v. Graham* is also a

misrepresentation of the facts and the law.  Plaintiff's Complaint does not allege

that Powe and Burst are sued in their official capacity.  Plaintiff's primary cause of

action is violation of the District of Columbia Whistleblower Protection Act

(DCWP), which specifically provides that, "An employee aggrieved by a violation

of § 1-615.53 may bring a civil action against the District, and, in his or her

personal capacity, any District employee, supervisor, or official having personal

involvement in the prohibited personnel action."   In fact, Plaintiff's Complaint

reinforces the primary cause of action by beginning his Complaint with the

following:  "Plaintiff brings this action against the District of Columbia, John

Burst, and Donielle Powe for retaliation against him for refusing to violate special

education law, adhering to high standards for student achievement, and

whistleblowing about abuse and waste of public resources and violations of special

education law.  Mr. Mpoy also brings this lawsuit against the Defendants for

violations of his due process rights guaranteed by the Fifth Amendment of the

Constitution of the United States and violations of DC Code § 2 1402.11 and Title

VII of the Civil Rights Act of 1964."

Interestingly, the defendants do not argue that *Monell* grants the District

immunity from liability for its employee's conduct that violated Title VII of the

Civil Rights Act of 1964.  Certainly, the District, which is an abstract legal person that  exists only through and by the actions of its employees, starting with the mayor, did not engage in conduct that violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964; Burst and Powe did.

Sixth, whether Burst and Powe are liable personally or entitled to qualified immunity is not a legal question that this Honorable Court can answer decisively prior to discovery because qualified immunity hinges on whether Burst and Powe should have known, as any reasonable person would, that their actions violated Plaintiff's clearly established civil rights (E.g., DCWP) and Constitutional rights (E.g., Due Process Clause of the Fifth Amendment).  The liability of Burst and/or Powe can be ascertained *only* after evidence through  discovery and/or trial shows: 1) whether or not either Powe, Burst or both had direct knowledge of Plaintiff's protected activity (refusal to comply with illegal orders and/or disclosure of violations of IDEA); 2) whether or not either or both were directly involved in the prohibited activity of suspending Plaintiff's employment without pay and without any prior notice or opportunity to contest the cause, if any, of the suspension; 3) whether either Burst, Powe or both were motivated by retaliation for the indefinite suspension of Plaintiff's employment without pay and without due process; 4) whether or not either or both had a legitimate reason for their direct involvement in the indefinite suspension of Plaintiff's employment; and 5) whether or not one or the other or both made the decision to suspend Plaintiff's employment in close

proximity with Plaintiff's protected activity.

In any event, this Honorable Court of Law's duty at this stage is to assess whether Plaintiff alleged sufficient facts that, when taken as true, give rise to Plaintiff's entitlement to offer evidence, including that which would show the nature and extent of Burst's or Powe's personal involvement in the prohibited personnel action. Clearly, Plaintiff has alleged sufficient facts; otherwise, the defendants would not have resorted to rewording Plaintiff's alleged facts while omitting the damning ones and presenting arguments that do not distinguish between the legal theories for dismissal pursuant Rule 12(b)(6) and Rule 56.

Furthermore, the defendants contend that, "Under the law, in order '[t]o defeat a defense of qualified immunity, a plaintiff must show not only [1] that an official 'violated a constitutional right,' but [2] also that 'the right was clearly established' at the time of the violation;'" and that, "The trial court has the discretion to determine which prong of the qualified immunity analysis to decide first." Mt to Dismiss, pp 6-7. One, Plaintiff is not required to show anything in the Complaint; two, this Honorable Court of Law is not sitting as a trial court.

Seventh, the defendants contend that, "Mpoy Failed to Exhaust His Administrative Remedies As Required." Whether or not Plaintiff exhausted administrative remedies is a question of fact that cannot be resolved prior to discovery. In *Sienkiewicz v. Sorema N.A., 534 U.S. 506 (2002)*, our nation's highest Court, ruling on the sufficiency of alleged facts for a claim of

discrimination based on national origin, held that a complaint for Title VII

discrimination  need not contain specific facts establishing a prima facie case and

that a complaint must contain only "a short and plain statement of the claim

showing that the pleader is entitled to relief" in accordance with Rule 8 of the

Federal Rules of Civil Procedure.  The Court also held that a complaint satisfies

the requirements of Rule 8 when the employer is given fair notice of the basis for

the claims.  The defendants do not contend that Plaintiff's alleged facts for

discrimination based on national origin do not give them fair notice.

Eight, the defendants rely on Young & Co. v. Sutherland, 631 A.2d 354,

361 (D.C.1993), which is nine years before the standard was set by *Sienkiewicz v.*

*Sorema N.A., 534 U.S. 506 (2002)* to contend without any merit that,  "Mpoy's

Claims Under the D.C. Human Rights Act Fails" "because District of Columbia

courts follow federal courts' constructions of Title VII in interpreting the

DCHRA." Mt to Dismiss, p 8.

Even if the defendants were innocently mistaken, DC Code § 2-1403.16(a)

provides unequivocally that, "Any person claiming to be aggrieved by an unlawful

discriminatory practice shall have a cause of action in any court of competent

jurisdiction for damages and such other remedies as may be appropriate, unless

such person has filed a complaint hereunder; provided, that where the Office has

dismissed such complaint on the grounds of administrative convenience, or where

the complainant has withdrawn a complaint, such person shall maintain all rights

to bring suit as if no complaint had been filed. No person who maintains, in a court of competent jurisdiction, any action based upon an act which would be an unlawful discriminatory practice under this chapter may file the same complaint with the Office."

Ninth, the defendants contend that, "With few exceptions, the CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind." Mt to Dismiss, p 11.  Only in North Korea, Russia, and possibly China or Iran can a governmental entity claim that an aggrieved employee's sole recourse for justice is its own program of jurisprudence while at the same time denying the aggrieved employee access to its "exclusive" equivalent of the CMPA.

The defendants are essentially arguing here that the District is a fascist municipality and that it is the supreme authority whose decision to suspend indefinitely any employee's employment for any reason without prior notice and without any opportunity to contest the suspension is final, unappealable, and certainly not subject to any judicial challenge in any court of competent jurisdiction. Wow!

Tenth, the defendants rely on Hawkins v. Boone, 786 F. Supp. 2d 328, 333 (D.D.C. 2011), Mt to Dismiss, p 11, without specifying how it relates to their argument that, "The Court Should Dismiss Mpoy's Whistleblower Protection Act Claim."  The defendants' contention that Plaintiff failed to show that "the protected

disclosure was a 'contributing factor' or causally connected to the prohibited personnel action" is similar to their argument that Plaintiff's "exclusive" remedy is the CMPA because the defendants do not proffer any reason, let alone a legitimate reason, much less cause, to show that the indefinite suspension of Plaintiff's employment has nothing to do with his protected activity. It is noteworthy that the defendants do not deny that Plaintiff did in fact engage in protected activity, contending instead that his disclosures are merely "**work-place grievances**."

Plaintiff is not required to show anything in his Complaint. Plaintiff will show, after discovery and/or at trial, that "the protected disclosure was a 'contributing factor' or causally connected to the prohibited personnel action."

It is beyond disingenuous for the defendant's contention that, "Mpoy does not assert he made protected disclosures to Powe. See Compl. And Mpoy does not offer any facts indicating that Burst took part in or directed the alleged prohibited personnel action (suspension without pay), or that his protected activity played any role in the suspension."

One, whether Powe or Burst are active participants who are liable for their personal involvement in the prohibited personnel action is a question of fact that cannot be resolved prior to discovery and/or trial. Two, Plaintiff is not required to plead the particularities of Powe or Burst's involvement in his Complaint. He is only required to allege facts that put them on fair notice. See *Sienkiewicz v. Sorema N.A., 534 U.S. 506 (2002)*.

Moreover, Powe is an employee of the District of Columbia Office of Human Resources who has the authority to take adverse action against DCPS employees pursuant to DCMR that regulate disciplinary actions.  Burst is Plaintiff's immediate supervisor who has the authority to initiate disciplinary action and to consent to disciplinary actions concerning the employees he supervises, unless the disciplinary action is based on egregious conduct that warrants summary dismissal or suspension.  Therefore, the defendants' contention is an insult to the integrity of this Honorable Court of Law.

Eleventh, the defendants contend that Plaintiff is required notify the mayor pursuant to D.C. Code § 12-309(a).  It is well settled law that claims for liquidated damages are not subject to the notice requirement.  Whether Plaintiff is required to notify the mayor for his common law injuries is a question of fact that cannot be resolved prior to discovery.  See *Opinion issued by Chief Judge Beryl A. Howell on April 4, 2023, Civil Action No: 22-02501 (BAH),* holding that, "'[A] motion to strike is not the appropriate place to resolve significant factual disputes between the parties," or "disputed and complex legal issues."  Likewise, a motion to dismiss pursuant to Rule 12(b)(6) is not an appropriate place to resolve the factual dispute and the disputed and complex legal issue of whether Plaintiff is required to notify the mayor for his common law injuries the redress of which is ***liquidated damages***.

Furthermore, whether Plaintiff's common law tort claims seek liquidated

damages is a question of fact that cannot be answered without expert testimony from economists, financial analysts, and accountants.  At the very least, it seems axiomatic that regardless of Plaintiff's injuries resulting from common law torts, a jury cannot award him $100,000,000 (One Hundred Million Dollars) arbitrarily or punitively, for example.  If it did, the Court would reduce it to a reasonable amount commensurate with the compensatory damages relative to Plaintiff's losses based on lost salary, benefits, and economic and financial opportunity costs.  In sum and simpler terms, regardless of the nature of Plaintiff's injuries stemming from torts related to his employment, they would have to be calculated based on loss of earning capacity.  Unliquidated damages are unanticipated and are not calculable with precision.

Twelfth,, the defendants contend that, "Mpoy's Intentional Causation of Mental Anguish and Intentional and Willful Negligence Fail as a Matter of Law," presumably because the defendants contend that, 'Intentional Causation of Mental Anguish and Physical Pain and Suffering,' is [sic] not a claim recognized by this Court.  The defendants do not show or even allude to the list of common law torts recognized by this Court, and for a good reason: It does not exist! A tort is a civil wrong resulting from an act or omission by a legal person that injures or harms another legal person.  There is no statute or caselaw providing that all common law torts have already been recognized and that no other tort can be claimed despite a provable injury.

Intentional Infliction of Emotional Distress is not an approved common law tort to the exclusion of all others that cause harm that does not involve emotional distress.  People experience harm in different ways.   A stimulus or event that causes emotional distress to one or many individuals does not cause emotional distress to many other individuals.  The manner in which individuals experience harm and pain is not universal.  Ultimately, the question of whether Plaintiff experienced mental anguish or physical harm as a result of the defendants' actions is a question of fact that cannot be resolved prior to discovery.

Finally, the defendants end their charade with a request that does not specify the standard under which this Honorable Court of Law should grant their wish.  The defendants proclaim that, "For these reasons, Mpoy's complaint against these defendants should be dismissed with prejudice."  Dismissals under Rule 12(b)(6) are rarely with prejudice.  The defendants offer no justification for their request for dismissal with prejudice, either pursuant to Rule 12(b)(6) or even Rule 56.

The defendants either expect this Honorable Court of Law to decipher their shenanigans or they want the Court to be terribly confused by their commingling of the standards for dismissal pursuant to Rule 12(b)(6) and under Rule 56 and Rule 7(h), without any guidance as to which standard applies to which of their arguments.  Also, this Honorable Court of Law is left to choose the standard pursuant to which it should dismiss Plaintiff's Complaint.

It almost seems as if the defendants are fully aware of their attempt to pull off smoke and mirrors, but decided to leave the final act up to this Honorable Court of Law's imagination and ingenuity, betting on a remote chance that this Honorable Court of Law may share the same disdain toward Plaintiff for daring to protect children with disabilities at all costs without fear of reprisal.

Respectfully submitted,

/s/ *Bruno K Mpoy*

_____
Bruno K. Mpoy, Pro se
10703 Lombardy Rd
Silver Spring, MD  20901
240-476-1731
mpoy@rocketmail.com

Certificate of Service

I certify that a copy of the foregoing motion was served electronically to Nicole Marimon via the electronic filing system on May 10, 2023.

/s/ *Bruno K Mpoy*
_____
Bruno K. Mpoy

34