## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUNO K. MPOY,<br><br>            *Plaintiff,*<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>            *Defendants.* | 22-cv-02501 (BAH) |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS AND THE  DISTRICT'S REPY TO PLAINTIFF'S OPPOSITION TO ITS PARTIAL MOTION FOR SUMMARY JUDGMENT

Defendants District of Columbia, John Burst, and Donielle Powe submit this reply to Plaintiff Bruno K. Mpoy's (Mpoy) opposition to their motion to dismiss and the District's reply to the plaintiff's opposition to its motion for partial summary judgment.

### INTRODUCTION

Other than regurgitate the claims raised in the complaint and make conclusory arguments, Mpoy fails to defeat these defendants' entitlement to judgment in this matter.  Indeed, Mpoy fails to state a valid claim against any of these defendants.  And because Mpoy did not provide notice to the District as required under D.C. Code § 12-309, he may not proceed against the District on his common law claims.

### ARGUMENT

**I.    Dismissal of Mpoy's Complaint Against these Defendants is Warranted.**

Judgment should be entered in favor of these defendants for a panoply of reasons.  *First*, while Mpoy is correct that the allegations must be viewed in the light most favorable to him, the Court cannot simply accept legal conclusions couched as facts.  *See Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).  Here, the bulk of the allegations and arguments raised by Mpoy are conclusory and legal oriented; they are not pure facts.

*Second,* contrary to Mpoy's arguments, his Complaint *does not* set forth *sufficient* facts to find that he has plausibly alleged his claims.  And while Mpoy's pleadings may be held to a less stringent standard than those drafted by lawyers, he must still comply with the Federal Rules of Civil Procedure and meet the necessary pleading standards.  *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  A plaintiff is required to plead "*enough facts* to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), emphasis added.[1]  A claim is facially plausible when the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  While plausibility does not equate to the "probability requirement, [a plaintiff must show] more than a sheer possibility that a defendant acted unlawfully."  *Id.*  Here, for example, Mpoy asserts that he was ordered to falsify student's records but does not identify *who* ordered him to do so or when.  *See* Compl.  He also asserts that he disclosed to Burst specific violations of the special education law; the dates of the asserted disclosures were unidentified.  *Id.* ¶ 19.  He also submits that the District sent him a letter, dated August 27, 2021, that shows it used his family status against him but this letter is not included in the pleadings.  *Id.* ¶ 32.  Without more than these baseless conclusions, the Court need not accept them as true.  *See Twombly*, 559 U.S. at 555.  Nor can this Court draw any reasonable inferences of discrimination or retaliation from

---

[1]       Mpoy focuses much of his argument on the notice standard laid out by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), but *Swierkiewicz* was decided before *Twombly*, 550 U.S. at 570, and *Iqbal*, 556 U.S. at 678, which lay out the accepted pleading standard.  And as the Supreme Court in *Twombly* noted, *Swierkiewicz* did not change the law of pleadings but simply stood for the proposition that a plaintiff is not required to "allege specific facts *beyond those necessary to state his claim.*" *Twombly*, 550 U.S. at 570 (emphasis added).

them. *See Iqbal*, 556 U.S. at 678. Indeed, the August 27, 2021 letter does not show any discriminatory animus against Mpoy. *See* 8/27/2021 Ltr. to Mpoy, Ex. B.[2] And Mpoy's assertion that his suspension could not have occurred without Burst's input is not alleged in the Complaint nor is it supported by factual content or context. *See* Compl. As such, Mpoy has failed to allege a plausible claim above the merely speculative level against these defendants. *See Twombly*, 550 U.S. at 555.

*Third,* these defendants did not argue that a Fifth Amendment due process claim is not a legitimate claim; it is. Rather, the argument made by these defendants is that Mpoy has failed to plausibly allege a viable claim to support liability under the Fifth Amendment against them. *Cf.* Pl.'s Opp'n at 14-16 w/ Defs.' Mot. at 6-7. Mpoy just does not understand that a claim under the Fifth Amendment is appropriately brought under 42 U.S.C. § 1983. And given the limitations on municipal liability under § 1983, a claim will fail unless a plaintiff can identify a municipal policy, custom, or practice that caused his constitutional injury. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). As such, it is insufficient for Mpoy to merely allege that the District independently violated his Due Process rights when it suspended his employment. *See* Pl.'s Opp'n at 23. And paragraphs 24 and 26 of the Complaint do nothing to salvage Mpoy's claim as neither: a) identifies a District policy, custom, or practice that caused his injury, b) identifies a final policymaker who acted with deliberate indifference, or c) set forth factual allegations upon which the Court could assess the plausibility of Mpoy's Fifth

---

[2]     In deciding this motion, this Court may not only consider the complaint, the answer, matters of public record whose authenticity is not in dispute, it may also consider exhibits attached to the complaint or answer "so long as they are 'integral to the complaint and authentic.'" *See Massey v. Ojaniit,* 759 F.3d 343, 347 (4th Cir. 2014). Here, because Mpoy references the August 27, 2021 letter in his Complaint, it is integral to the allegations raised therein.

Amendment claims.  *See* Compl. ¶¶ 24, 26 (concluding that the District deprived Mpoy of his property without due process and is jointly and severally liable).

*Fourth,* with respect to Burst and Powe, while Mpoy concedes that he has not sued them in their official capacity, any such claim would be barred as a party must look to the municipality for relief for an official capacity claim.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  And because the Complaint does not specify in what capacity Burst and Powe were sued under the Fifth Amendment, it was appropriate for these defendants to argue that dismissal is warranted.  As the *Iqbal* court made clear, supervisor liability under § 1983 must be based on the supervisor's own wrongful acts or omissions.  *Iqbal*, 556 U.S at 677.  Indeed, "simple awareness of employees' misconduct does not lead to supervisory liability."  *See Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir. 2003) (citations and internal quotation marks omitted).  Here, while Mpoy alleges that he notified Burst about the violations, he has pleaded no facts showing that Burst or Powe acted unlawfully in violation of his due process rights.  *See* Compl. ¶¶ 18-21, 24.

*Fifth,* contrary to Mpoy's arguments, whether Burst and Powe are entitled to qualified immunity is a legal question to be decided by the Court, even at an early stage.  *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (stressing the importance of resolving questions of immunity at the earliest stage possible).  Because the doctrine is an "immunity from suit rather than a mere defense . . . [it] is effectively lost if a case is erroneously permitted to go to trial."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Here, Mpoy's argument that discovery is required to determine qualified immunity should be rejected.  Indeed, the Court has the discretion to determine which prong to decide first, *see Ashcroft v. al-Kidd*, 563 U.S. 731, 734 (2011), and the question of whether Mpoy has shown that Burst or Powe violated a clearly established right is a legal question that can be decided at this stage of the proceedings.  And contrary to Mpoy's

argument, to adequately defeat the defense of qualified immunity, he was required to show "not only [1] that an official 'violated a constitutional right,' but [2] also that 'the right was clearly established' at the time of the violation." *Fenwick v. Pudimott*, 778 F.3d 133, 137 (D.C. Cir. 2015). Because Mpoy has failed to show that Burst or Powe knowingly violated the law, they are entitled to qualified immunity. *See* Pl.'s Opp'n at 27.

*Sixth*, these defendants did not inappropriately pick and choose, reword, rearrange, lie or misrepresent the alleged facts asserted by Mpoy in his Complaint. *Cf.* Pl.'s Opp'n at 20-22 w/ Def.'s Mot. at 1-2. Rather, defendants simply summarized the allegations in Mpoy's Complaint. *Id.* Verbatim language was quoted as is appropriate. Moreover, there is no requirement that the defendants quote every allegation raised by Mpoy verbatim as he suggests. Indeed, doing so would be a burden on the parties' and judicial resources by adding numerous unnecessary quotations and pages to the motion papers (as is the case with Mpoy's opposition brief). Further, defendants' summaries did not render the statements false. In fact, a comparison of paragraphs 7, 8, 32 reveals that defendants adequately captured Mpoy's allegations. *See* Compl. ¶¶ 7, 8, 32; *cf.* Defs.' Mot. 1-2.

*Seventh*, Mpoy's failure to exhaust administrative remedies is not a factual question that requires discovery as he asserts, but a condition precedent to bringing an action under Title VII. *See* Pl.'s Opp'n at 27; *see also* 42 U.S.C. § 2000e-5(f)(1). Here, Mpoy's allegations reflect that he filed a grievance before receiving his notice of suspension on August 27, 2021. His grievance therefore does not relate to the notice of suspension he received. Thus, Mpoy's grievance does not qualify as an exhaustion of administrative remedies for purposes of Title VII. Having failed to exhaust his administrative remedies, Mpoy's claim under Title VII is time-barred. *See Duberry v. Inter Con Sec. Sys., Inc.*, 898 F. Supp. 2d 294, 298 (D.D.C. 2012).

*Eighth*, even if not time barred, Mpoy's asserted claims under Title VII fail. While a *pro se* plaintiff is not required to meet a heightened pleading standard, *see Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002), this does mean that the plaintiff is not required to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This means setting out "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action." *Id.* at 555. Here, Mpoy did not identify his national origin or the alleged "intrafamily offense." *See* Compl. Rather, he asserts that the letter of suspension offers evidence of discrimination but does not attach the letter or set forth any facts showing that his national origin or family history were implicated in the letter to support discrimination as he alleges. Similarly, with his retaliation claims, Mpoy fails to allege any facts showing that any decision maker knew he had engaged in a protected activity. Having failed to plausibly allege a causal connection between his asserted protected activity and the adverse personnel action, Mpoy's retaliation claim fails.

*Ninth,* the defendants' reliance on *Arthur Young & Co. v. Sutherland*, 631 A.2d 354, 361 n.17 (D.C.1993), as it pertains to Mpoy's D.C Human Rights Act (DCHRA) claims is not misplaced. Courts continue to follow federal courts' constructions of Title VII in interpreting the DCHRA. *See id*. As such, because Mpoy's claims under Title VII fails, so too do his claims under the DCHRA.

*Tenth*, contrary to Mpoy's argument that he is not required to "show anything in his Complaint," *see* Pl.'s Opp'n at 29-30, he is required to plead sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But Mpoy has failed to do so in connection with his Whistleblower Protection Act claim (WPA). As is reflected by the court's decision in *Hawkins v. Boone*, 786 F. Supp. 2d 328, 333 (D.D.C. 2011), to plausibly allege a

claim under the WPA, Mpoy must allege "(1) a protected disclosure, as defined in § 1-615.52(a)(6); (2) a prohibited personnel action, as defined by § 1-615.52(a)(5); and (3) that the protected disclosure was a 'contributing factor' or causally connected to the prohibited personnel action, as defined in § 1-615.52(a)(2)."  And given this requirement, it is not disingenuous for defendants to argue that Mpoy's failure to assert he made a protected disclosure to Powe and his failure to allege facts indicating Burst took part in the prohibited personnel action show that his claim under the WPA fails.  Nor does Mpoy's claims that Powe has the authority to initiate disciplinary action or that Burst had the authority to consent to disciplinary action enough to salvage his claim.  *See* Pl.'s Opp'n at 31.  Because Mpoy does not allege a causal connection between his suspension and the protected activity, he has failed to properly plead a claim under the WPA.

*Eleventh,* the defendants' arguments are not limited to Mpoy's alleged disclosures as "work-place grievances."  As shown above, these defendants make arguments about Mpoy's asserted claims under the Fifth Amendment, Title VII, the DCHRA and the Whistleblower Act.  And unless these work place grieves are protected under these identified statues, Mpoy's workplace grievances are barred under the Comprehensive Merit Personnel Act (CMPA).  *See* Defs.' Mot. at 11-12.  Indeed, the CMPA provides the exclusive remedy for most work-related complaints by a District employee.  *See Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000).  *See also Coleman v. District of Columbia*, 80 A.3d 1028, 1032 (D.C. 2013).  As such, Mpoy cannot pursue common law claims against the District because the CMPA provides the exclusive remedy.

*Twelfth*, Mpoy offers no valid argument for why the Court should entertain his claim of Intentional Causation of Mental Anguish and Physical Pain and Suffering or of Intentional and

Willful Negligence.  Having failed to allege a cognizable claim, dismissal of Mpoy's common law claims is appropriate.

*Finally*, when a court rules on the merits of a claim, dismissal should be with prejudice. *See District of Columbia v. Nahass*, 699 F. Supp. 2d 175, 180 (D.D.C. 2010) (dismissal with prejudice is appropriate where the Court "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").  Should this Court rule on the merits of these defendants' motion, it should be with prejudice.

## II.    <u>Mpoy Fails to Defeat Summary Judgment.</u>

Mpoy's arguments are not enough to stave off summary judgment in the District's favor for his common law claims.  To the extent this Court reviews the attachments to the District's motion, the motion would be converted to summary judgment.  *See Burke v. Gould*, 286 F.3d 513, 518 (D.C. Cir. 2002) ("[t]he district court, in its discretion, may consider a motion for summary judgment even in the absence of a proper [Rule 56.1] Statement.").  Here, in support of its motion, the District submitted the declaration of Lana Craven.  *See* Decl. of Lana Craven [7-1].  The declaration provides that a diligent search of the Tort Liability Division's records revealed a claim letter received from Mpoy, dated September 10, 2021.  *See* 9/10/2021 Ltr., Ex. A.  The letter advised of Mpoy's intent to file lawsuit against the District "for violations of [his] Fifth Amendment due process rights" based on the District's alleged conversion of his property without due process.  *See id*.  As such, the District cited to a portion of the record to support its position that there are no disputed material facts and that summary judgment is warranted.  And while the District's brief is absent a Rule 56.1 Statement, Mpoy has had an adequate opportunity to contest the District's argument about the lack of notice he provided to the District about his

common law claims.  And has not challenged these facts.  Rather, he simply argues that no notice is required.

The District also did not fuse its motion for partial summary judgment with the motion to dismiss *without* distinguishing the standard of review.  *See* Pl.'s Opp'n at 2 (emphasis added). The defendants' motion detailed the standard of review under both Fed. R. Civ. P. 12(b)(6) and 56.  *See* Defs.' Mot. at 2-4.  And the District only seeks judgment with respect to Claims 5 and 6 as barred by D.C. Code § 12-309.  *See id.* at 13-14.  These arguments are clearly delineated.  *Id.* It is therefore clear what standard the Court should apply.  And Mpoy has responded to the District's arguments for summary judgment.  *See* Pl.'s Opp'n at 4-5, 31-32.

Finally, Mpoy's remaining arguments do not show that there are genuine disputed material facts that preclude summary judgment on Claims 5 and 6.  *See* Pl.'s Opp'n at 3-11. Mpoy's statement of material facts in dispute is not supported by citations to the record as required by Fed. R. Civ. P. 56(c)(1)(A).  Further, none of Mpoy's asserted facts in dispute contradict that the notice of claim, dated September 10, 2021, only notified the District of violations of Mpoy's Fifth Amendment rights based on conversion of property—not common law claims under various theories of negligence.  *See id.*  In fact, Mpoy acknowledges that the notice of claim letter does not relate to "any facts or claims [in] the instant civil action."  *See* Pl.'s Opp'n at ¶ 4.  And Mpoy's assertion that "[i]t is disputed that [he] is required to notify the mayor prior to filing his common law claims" is not a factual dispute but a legal one that this Court should resolve.  *See* Pl.'s Opp'n at ¶ 6 and 31.  *See also* D.C. Code § 12-309.  Nor does Mpoy seek liquidated damages in connection with Claims 5 and 6; rather he seeks unliquidated damages.  *See* Compl. ¶¶ 42, 45-46 (alleging Mpoy suffered damages "exceeding $75,000"). And his contention that his damages are liquidated because they would have to be calculated

based on loss of earning capacity is undercut by his request for compensation for "severe pain, mental anguish," "moral deprivation" and "loss of the desire to continue teaching." *Id. See also Bonaccorsy v. District of Columbia*, 685 F. Supp. 2d 18, 23 (D.D.C. 2010) (refusing to entertain argument that the plaintiff's damages were liquidated where plaintiff did not show damages sought could be determined by fixed formula). And Mpoy's argument is also contradicted by his admission that the issue of damages "cannot be answered without expert testimony from economists, financial analysts, and accountants." *See* Pl.'s Opp'n at 32. Because Mpoy has not done enough to stave off summary judgment, judgment should be entered in the District's favor on Claim 5 and 6.

## CONCLUSION

For these reasons, the Court should grant the defendants' motion to dismiss and the District's partial motion for summary judgment.

Dated: May 17, 2023                    Respectfully submitted,

                                        BRIAN L. SCHWALB
                                        Attorney General for the District of Columbia

                                        STEPHANIE E. LITOS
                                        Deputy Attorney General
                                        Civil Litigation Division


                                        */s/ Patricia A. Oxendine*
                                        PATRICIA A. OXENDINE
                                        D.C. Bar No. 428132
                                        Chief, Civil Litigation Division, Section I

/s/ *Nicole Marimon*
NICOLE MARIMON
D.C. Bar No. 90001966
Assistant Attorney General
Office of the Attorney General
Civil Litigation Division, Section I
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 705-1213 (direct)
Email: nicole.marimon@dc.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUNO K. MPOY,<br><br>            *Plaintiff,*<br><br>      v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>            *Defendants.* | 22-cv-02501 (BAH) |

**DEFENDANT DISTRICT OF COLUMBIA'S RESPONSES TO PLAINTIFF'S STATEMENT OF DISPUTED FACTS**

Defendant District of Columbia submits the following reply to Plaintiff Bruno Mpoy's (Mpoy) statement of material facts in genuine dispute (SDMF).

**Pl.'s SDMF ¶ 1**: The defendants have not shown that Plaintiff is not a teacher in good standing with the District of Columbia Public Schools (DCPS). Compl. ¶¶ 1, 2, 3, 4, 5, 6. Therefore, whether Plaintiff is a teacher in good standing and whether his employment should not have been suspended indefinitely without pay and without due process are material facts in genuine dispute that cannot be resolved prior to discovery and/or trial.

**Def.'s Response**: The Court should not consider this fact disputed because it is not supported by admissible evidence. More importantly, SDMF is not material to the arguments raised by the District on summary judgment. *See* Def.'s Mot. at 13-14. Nor is it relevant to whether dismissal of Mpoy's claims against the defendants is appropriate.

**Pl.'s SDMF ¶ 2**: The defendants dispute the fact that Plaintiff's communication to his supervisor John Burst about specific violations of special education law [Individuals with Disabilities Education Act (IDEA)] is protected disclosure. The defendants contend that the content of

12

Plaintiff's emails is simply "work-place grievances."  Mt to Dismiss P. 15.  Plaintiff alleges that the content of his emails is protected disclosure of violations of the IDEA. Whether Plaintiff's communication to Burst is protected disclosure is a material fact in dispute that cannot be resolved prior to discovery and/or trial.

**Def.'s Reply**:  This Court should not consider SDMF No. 3 in deciding the District's motion for partial summary judgment because it does not address whether Mpoy notified the District as required by D.C. Code § 12-309.  And Mpoy only referenced the defendants' motion to support the statement, which is not enough to support the asserted dispute.  Indeed, whether Mpoy's statements were protected disclosures are not factual statements but legal conclusions that this Court can decide.

**Pl.'s SDMF ¶ 3**: It is disputed that the "DECLARATION OF LANA CRAVEN" has any relevance or impertinence to the instant civil action.  In denying Plaintiff's Motion to Strike the "DECLARATION OF LANA CRAVEN" from the record, this Honorable Court of Law held that, "'[A] motion to strike is not the appropriate place to resolve significant factual disputes between the parties," or "disputed and complex legal issues." Opinion issued by Chief Judge Beryl A. Howell on April 4, 2023, Civil Action No: 22-02501 (BAH). The "DECLARATION OF LANA CRAVEN" is therefore a significant material fact in genuine dispute which cannot be resolved prior to discovery and/or a trial.

**Def.'s Reply**: The Court should not consider this statement because it is not a factual dispute but a legal argument.  And the statement is not supported by admissible evidence.  Further, the parties *agree* that the notice letter identified by Ms. Craven does not pertain to any claims asserted by Mpoy in this case.  That is the point.  And given that the letter identified by Ms.

Craven is the only one received by the District from Mpoy, it shows that he did not comply with D.C. Code § 12-309.

**Pl.'s SDMF ¶ 4**: It is also disputed that Exhibit A attached to the Declaration of Lana Craven has any relevance or impertinence to the instant civil action because nothing contained in Plaintiff's letter that constitutes Exhibit A addresses any of the facts or claims of the instant civil action. In denying Plaintiff' Motion to Strike EXHIBIT A from the record, this Honorable Court of Law also held that, "'[A] motion to strike is not the appropriate place to resolve significant factual disputes between the parties," or "disputed and complex legal issues." Opinion issued by Chief Judge Beryl A. Howell on April 4, 2023, Civil Action No: 22-02501 (BAH). Therefore, EXHIBIT A is a significant material fact in genuine dispute which cannot be resolved prior to discovery and/or a trial.

**Def.'s Response**: Undisputed that nothing contained in Exhibit A attached to the Declaration of Lana Craven addresses any of the facts or claims in the instant action. *See* Ex. A. Thus, Mpoy has not created a factual dispute here. The Court's ruling on Mpoy's motion to strike has nothing to do with the District's entitlement to summary judgment on Mpoy's common law claims because he did not comply with the requirements under D.C. Code § 12-309.

**Pl.'s SDMF ¶ 5**: The defendants dispute the fact that Plaintiff was ordered to falsify students' academic performance and records and engage in conduct that harms children with disabilities. The defendants contend that Plaintiff's communication to his supervisor John Burst about his refusal to carry out illegal orders and engage in conduct that harms children is nothing more than "work-place grievances." Whether Plaintiff's was ordered to falsify students' academic performance and records and engage in conduct that harms children with disabilities and whether

Plaintiff refused to comply are material facts in genuine dispute that cannot be resolved prior to discovery and/or trial.

**Def.'s Reply**: This Court should not consider SDMF No. 5 because it is not relevant as to whether the District is entitled to summary judgment.  Indeed, it is not material as to whether Mpoy complied with D.C. Code § 12-309 and it is not supported by record evidence.  Moreover, Mpoy has misunderstood the defendants' arguments about the asserted orders he alleges he was given.  *See* Defs.' Mot. at 11-12.  Thus, Mpoy has not created a factual dispute here that precludes entry of judgment in favor of the defendants.

**Pl.'s SDMF ¶ 6**: It is disputed that Plaintiff is required to notify the mayor prior to filing his common law claims. This "disputed and complex legal issue" cannot be resolved prior to discovery.

**Def.'s Reply**:  The Court should not consider SDMF No. 7 because it is not a factual dispute but a legal argument.  And Mpoy did not support this statement by the record evidence.  Moreover, this Court can determine whether the law requires Mpoy to have given notice to the District about his common law claims.

**Pl.'s SDMF ¶ 7**:  The defendants dispute the fact that the content of Powe's email of August 26, 2021 to Plaintiff contains proof that the District used his status as a victim of intrafamily offense against him and suspended his employment without pay and without any due process based on it. The defendants contend that the content of the email concerns Plaintiff's "family history."  Mt to Dismiss, pp 8, 9, 10, 11. "Family history" is not a category for protected class or a basis for discrimination pursuant to District of Columbia Human Rights Act.  The content of the email to prove that the District used Plaintiff's status as a victim of intrafamily offense instead of "family history" as the defendants contend cannot be ascertained prior to discovery.  Whether the District

used Plaintiff's status as a victim of intrafamily offense against him is a material fact in genuine dispute.

**Def.'s Reply**: The Court should not consider this statement because it is irrelevant to the District's partial motion for summary judgment as related to whether Mpoy satisfied the requirements under D.C. Code § 12-309.  Nor is it supported by admissible evidence; it is not a factual dispute but a legal argument.  Moreover, this Court may determine whether the defendants are entitled to dismissal based on the arguments raised in their motion to dismiss as related to Mpoy's asserts in SDMF No. 7.  *See* Defs.' Mot. to Dismiss.

**Pl.'s SDMF ¶ 8**: The defendants dispute the fact that the District did not provide Plaintiff with prior notice of suspension of his employment without pay and without due process.  The defendants contend that, "[Plaintiff] should not complain about a lack of due process when he failed to avail himself of the procedural measures that were available." Mt to Dismiss, p 12.  These alternative contentions constitute a material fact in genuine dispute that cannot be resolved prior to discovery and/or trial.

**Def.'s Reply**: This Court should not consider this statement because it is not relevant to whether Mpoy satisfied the requirements under D.C. Code § 12-309.  And the asserted dispute is not supported by admissible evidence and is not a factual dispute but a legal argument.  Further, the Court can determine whether the defendants are entitled to judgment based on the arguments raised in their motion to dismiss.

**Pl.'s SDMF ¶ 9**: The defendants dispute the fact that, "Mr. Mpoy observed violations of special education law and disclosed them to his supervisor John Burst.  These violations included but were not limited to altering student academic performance records, drafting documents that were inconsistent with the requirements outlined by special education law, deviations from federally

mandated provisions of Individualized Education Program (IEP), failure to provide required accommodations to special education students, failure to adhere to the requirements that regulate IEP meetings and the drafting of IEP documents, altering IEP documents without the required presence of the multidisciplinary team, failure to provide academic information necessary for the modification of lessons as required by the IEP, failure to meet the number of hours of special education required by the IEP, and interference with the provision of special education lessons as required by the IEP."  The defendants contend that, "Here, according to Mpoy, he observed a litany of 'violations of special education law and disclosed them to his supervisor John Burst.' These allegations are not only conclusory, they are not enough to hold these defendants liable for violating Mpoy's constitutional rights." Mt to Dismiss, p 7. First, Plaintiff does not claim that retaliation for his protected disclosure is a violation of his Constitutional rights; he claims that it is a violation of DCWPA. Second, the term "observe" is an act, not a conclusion. The dictionary defines the term observe as "notice or perceive (something) and register it as being significant or take note of" or "detect (something) in the course of a scientific study." Third, the specific acts of altering student academic performance records, drafting documents that were inconsistent with the requirements outlined by special education law, deviations from federally mandated provisions of Individualized Education Program (IEP), failure to provide required accommodations to special education students, failure to adhere to the requirements that regulate IEP meetings and the drafting of IEP documents, altering IEP documents without the required presence of the multidisciplinary team, failure to provide academic information necessary for the modification of lessons as required by the IEP, failure to meet the number of hours of special education required by the IEP, and interference with the provision of special education lessons as required by the IEP" are not Constitutional violations; they are violations of the IDEA and

17

Plaintiff's disclosure thereof is protected by the District of Columbia Whistleblower Protection Act. Therefore, Plaintiff's disclosure of what he accessed to be violations of the IDEA based on his qualifications as a special education teacher, is a material fact in genuine dispute that cannot be resolved prior to discovery and/or trial.

**Def.'s Reply**: This Court should not consider this statement because it is irrelevant to whether Mpoy satisfied the requirements under D.C. Code § 12-309 to deny summary judgment to the District. And this asserted dispute is not supported by admissible evidence and is not a factual dispute but a legal argument. This Court may determine whether the defendants are entitled to dismissal based on the arguments raised in their motion and not based on Mpoy's assertion of what they have or have not disputed. *See* Defs.' Mot. to Dismiss.

Date: May 17, 2023

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

*/s/ Nicole Marimon*
NICOLE MARIMON
D.C. Bar No. 90001966
Assistant Attorneys General
Office of the District of Columbia
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Direct: (202) 705-1213
Email: nicole.marimon@dc.gov
*Counsel for Defendants*

18