UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUNO K. MPOY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 22-2501 (BAH)<br>Judge Beryl A. Howell |

## MEMORANDUM OPINION

Plaintiff Bruno K. Mpoy, appearing *pro se*, has sued the District of Columbia and D.C. Public Schools (DCPS) officials John Burst and Donielle Powe, alleging employment discrimination and retaliation, in violation of both federal and state laws. Pending before the Court is defendants' motion to dismiss for failure to state a claim and for partial summary judgment. For the reasons explained below, the motion to dismiss is granted and the motion for summary judgment is denied as moot.

## I. BACKGROUND

The factual allegations set out in plaintiff's Complaint for Declaratory and Monetary Judgment ("Compl."), ECF No. 1, are assumed to be true. Plaintiff is a DCPS special education teacher with an unblemished personnel record and "impeccable" teaching credentials. Compl. ¶¶ 1-3, 5, ECF No. 1. During the 2020-21 academic year, plaintiff allegedly "was asked repeatedly to participate in violations of special education law," referring to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C §§ 1400 *et seq. Id.* ¶ 18; Pl.'s Opp'n to Mot. to Dismiss, ECF No. 32 at 1. Among other things, plaintiff "was directed to misrepresent student's academic

1

records and to document falsely student's academic performance," but he "refused to participate." Compl. ¶ 18. Plaintiff "observed violations of special education law" and, at an unspecified time, "disclosed" those observations to his supervisor and school principal, defendant Burst. Compl. ¶ 19. On August 26, 2021, plaintiff, through the Washington Teachers Union, filed a formal grievance with D.C. Department of Human Resources, where defendant Powe served as Deputy Chief of Labor Management and Employee Relations. *See id*. ¶¶ 8, 11. The grievance concerned "the abuse and waste of public resources and violations of special education law." *Id*. ¶ 9. The next day, on August 27, 2021, plaintiff "received the only notice of suspension" without pay. *Id*. ¶¶ 8-9. One year later, on August 22, 2022, while his grievance was "pending," plaintiff filed this lawsuit. *Id*. ¶ 21.

In the six-count Complaint, plaintiff contends that his suspension was (1) "without any legitimate reason," (2) violated D.C. laws governing "DCPS personnel and disciplinary actions," and (3) occurred without "procedural due process, and . . . notice or opportunity to contest the suspension." *Id*. ¶ 7. He asserts claims under the Fifth Amendment to the U.S. Constitution (Count 1); the D.C. Whistleblower Protection Act (Count 2); the D.C. Human Rights Act (Count 3); and Title VII of the Civil Rights Act of 1964 (Count 4). Compl. at 6-8. Plaintiff also asserts common law claims titled Intentional Causation of Mental Anguish and Physical Pain and Suffering (Count 5) and Intentional and Willful Negligence (Count 6). *Id*. at 9-10.

## II. APPLICABLE LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wood v. Moss*, 574 U.S. 744, 757-58 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the plaintiff pleads factual content that is more than

"'merely consistent with' a defendant's liability," but "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)); *see also Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012).

In considering a motion to dismiss for failure to plead a claim on which relief can be granted, the court must consider the complaint in its entirety, accepting all factual allegations in the complaint as true, even if doubtful in fact, and construe all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 555; *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) ("We assume the truth of all well-pleaded factual allegations and construe reasonable inferences from those allegations in a plaintiff's favor." (citing *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014))). The court "need not, however, 'accept inferences drawn by [a] plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint.'" *Nurriddin*, 818 F.3d at 756 (alteration in original) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

### III. DISCUSSION

Defendants argue that the federal claims, Counts 1 and 4, should be dismissed because (1) plaintiff alleges no facts to hold the District liable for Fifth Amendment violations, and Burst and Powe are entitled to qualified immunity, and (2) plaintiff failed to exhaust his administrative remedies under Title VII. As discussed in more detail below, all federal counts are appropriately dismissed for failure to state a claim for relief.

#### A. Constitutional Claims

In Count 1, plaintiff asserts that the District of Columbia, "by and through defendants Burst and Powe, deprived [him] of his property without due process of law" by failing to provide

3

him "any notice of suspension without pay" and "to adhere to any established disciplinary procedures." Compl. ¶ 24. He seeks to hold the defendants "jointly and severally liable for violating Plaintiff's Fifth Amendment rights[.]" *Id.* ¶ 26. These constitutional claims are untenable.

Section 1983 provides a remedy for an individual who has been deprived, by a person acting under color of state law, of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The Fifth Amendment proscribes in relevant part the deprivation of property "without due process of law." U.S. Const. amend. V. The "protections of the Due Process Clause apply to government deprivation of those perquisites of government employment in which the employee has a constitutionally protected 'property' interest." *Gilbert v. Homar*, 520 U.S. 924, 928 (1997).

A municipality, like the District, may be held liable pursuant to § 1983 for the acts of its employees, but only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (allowing municipal liability where "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation").

To establish municipal, or *Monell*, liability under § 1983, a plaintiff must first demonstrate an underlying constitutional violation, and second, show that the municipality's policy or custom caused the violation. *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). Such a policy or custom exists for *Monell* purposes "when (1) the municipality adopts a policy that itself violates the Constitution; (2) the unconstitutional action was taken by a policy maker within the government; (3) the employees' unconstitutional actions are so

consistent that they have become a custom of the municipality of which the supervising policymaker must have been aware; or (4) the municipality knew or should have known of a risk of constitutional violations, but showed deliberate indifference to that risk by failing to act." *Hurd v. District of Columbia*, 997 F.3d 332, 337 (D.C. Cir. 2021) (citations omitted).  A showing under *any* of those four theories suffices to sustain a claim of *Monell* liability against a municipality.  *See id.* at 337, 340-42 (reversing grant of summary judgment to the District and remanding for resolution of the factual "nature [,] operation . . . [and] constitutionality" of an adequately asserted policy, although plaintiff had failed to establish *Monell* liability under a custom or deliberate indifference theory).  The municipality cannot be held liable for the conduct of its employees based on the principle of *respondeat superior*.  *See Singletary v. District of Columbia*, 766 F.3d 66, 72 (D.C. Cir. 2014) (citing *Monell*, 436 U.S. at 691).

In considering whether plaintiff states a claim for municipal liability, the analysis proceeds as follows:

> First, the court must determine whether the complaint states a claim for a predicate constitutional violation. Second, if so, then the court must determine whether the complaint states a claim that a custom or policy of the municipality caused the violation.

*Baker*, 326 F.3d at 1306 (citations omitted); *see Monell*, 436 U.S. at 694.

Plaintiff has pleaded no facts establishing a constitutional violation.  His assertion that Burst and Powe deprived him "of his property without due process of law by failing to provide [him] any notice of suspension without pay," Compl. ¶ 24, is contradicted by the suspension notice plaintiff "received" on August 27, 2021, Compl. ¶ 8.  To the extent plaintiff claims that he was entitled to a hearing before the suspension, *see* Opp'n at 4, he is mistaken.

At a minimum, due process requires the government to provide adequate notice and a meaningful opportunity to be heard.  *Matthews v. Eldridge*, 424 U.S. 319, 348-49 (1976).  In

*Gilbert*, the Supreme Court addressed the due process rights of a suspended tenured public employee.  The Court explained that due process "is flexible and calls for such procedural protections as the particular situation demands."  *Id*., 520 U.S. at 930 (internal quotation marks and citation omitted).  As such, the right to a pre-suspension hearing is not absolute, and a "postsuspension" hearing satisfies the requirements of the due process clause if it is "sufficiently prompt." *Id*. at 932.  After weighing the interests of the suspended employee against those of the State, and finding "no constitutional obligation" for the State "to provide respondent with a presuspension hearing," *id*. at 933, the Court remanded the case for the lower courts to determine only whether the State had "violated due process by failing to provide a sufficiently prompt postsuspension hearing[.]" *Id*. at 935–36.

This case does not present similar due process concerns because the formal grievance plaintiff submitted to the Department of Human Resources the day before the suspension notice remains pending.  Pl.'s Opp'n, ECF No. 32 at 4.  The reasonable inference is that plaintiff can be heard on his suspension under the District's Comprehensive Merit Personnel Act (CMPA), which "statutorily covers the majority of conflicts arising out of employment relationships with the District," *Owens v. D.C.*, 923 F. Supp. 2d 241, 248 (D.D.C. 2013), *aff'd*, 606 Fed. App'x 585 (D.C. Cir. 2015), and comports with constitutional due process, *see* D.C. Code §§ 1–616.51 to –616.53 and 1–623.01 *et seq*.  Plaintiff's assertions, to the extent intelligible, do not suggest otherwise.  Therefore, the § 1983 claim is dismissed under Rule 12(b)(6).  *See McManus v. D.C.*, 530 F. Supp. 2d 46, 79 (D.D.C. 2007) ("Plaintiffs cannot dress their CMPA claims up in federal garb to secure federal court jurisdiction.").

### B.  Title VII

In Count 4, plaintiff alleges disparate treatment based on national origin, Compl. ¶¶ 35-

38, which is a protected category under Title VII. *See* 42 U.S.C. § 2000e-2(a). "A Title VII plaintiff must file an administrative complaint with the EEOC or a State human rights agency prior to, and as a mandatory prerequisite to, filing a federal judicial complaint." *Elhusseini v. Compass Group USA, Inc.*, 578 F.Supp.2d 6, 16 (D.D.C. 2008) (citations omitted); *see Tapp v. Washington Metro. Area Transit Auth.*, 283 F.Supp.3d 1, 5 (D.D.C. 2017) ("A plaintiff may file a Title VII action in federal court only after timely exhausting administrative remedies before the EEOC."). "The purpose of the [administrative exhaustion] doctrine is to afford the agency an opportunity to resolve the matter internally and to avoid unnecessarily burdening the courts." *Artis v. Bernanke*, 630 F.3d 1031, 1034 (D.C. Cir. 2011) (quoting *Wilson v. Peña*, 79 F.3d 154, 165 (D.C. Cir. 1996)). Therefore, the "Title VII lawsuit following the EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (cleaned up).

Plaintiff does not dispute that he has not filed, much less exhausted, his discrimination claims with the EEOC or the appropriate D.C. agency. Therefore, the Title VII claim is dismissed under Rule 12(b)(6). *See Menominee Indian Tribe of Wisconsin v. United States*, 614 F.3d 519, 527 (D.C. Cir. 2010) (Title VII exhaustion requirement is not jurisdictional).

### C. Supplemental Jurisdiction

Having dismissed the two federal claims, the Court has discretion in deciding whether to retain supplemental jurisdiction over the remaining state claims, *see* 28 U.S.C. § 1367(c)(3); *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265–66 (D.C. Cir. 1995). For the following reasons, the exercise of supplemental jurisdiction is declined.

In exercising its discretion, the traditional "values of judicial economy, convenience, fairness, and comity" must be balanced. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350

(1988). "[I]n the usual case in which all federal-law claims are dismissed before trial, the balance of [these] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

In this case, each of the foregoing factors weighs in favor of dismissing the state claims. With respect to judicial economy, plaintiff's claims brought under District of Columbia common law have yet to be considered here, and parsing claims under the CMPA and tort claim procedures is a task with which the local courts are more familiar. Moreover, the District of Columbia courts are an equally convenient forum for the parties, and principles of comity and fairness point in favor of allowing the non-federal claims to be pursued, if the plaintiff chooses, in the local court system on a factually developed record. *See Shekoyan v. Sibley Int'l*, 409 F.3d 414, 424 (D.C. Cir. 2005) ("[T]he district court properly considered comity as well as fairness to the plaintiff in concluding that its rejection of his non-federal claims would not adversely impact [the] plaintiff's ability to pursue those claims in the local court system." (internal quotation marks and alterations omitted)). Consequently, the non-federal claims are dismissed as well.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted, the partial motion for summary judgment is denied as moot, and the Complaint is dismissed without prejudice. An appropriate Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
U.S. DISTRICT JUDGE

DATE: September 11, 2023